STATE OF LOUISIANA

VERSUS

RONNIE LIM

NO. 20-KA-20

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-2323, DIVISION "B"
HONORABLE CORNELIUS E. REGAN, JUDGE PRESIDING

September 22, 2020

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR**
**FURTHER PROCEEDINGS**
 **MEJ**
 **RAC**
 **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA

     Honorable Paul D. Connick, Jr.

     Thomas J. Butler

     Douglas E. Rushton

     Meredith Hearn

COUNSEL FOR DEFENDANT/APPELLANT,
RONNIE LIM

     Bertha M. Hillman

**JOHNSON, J.**

Defendant/Appellant, Ronnie Lim, appeals his conviction for sexual battery on a victim under the age of 13 years and sentence from the 24th Judicial District Court, Division "B". For the following reasons, we reverse the conviction and sentence and remand the matter to the trial court for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On August 24, 2017, the Jefferson Parish District Attorney filed a bill of information charging Defendant with sexual battery on a victim under the age of 13 years, in violation of La. R.S. 14:43.1. Defendant was arraigned on October 16, 2017, and he pleaded not guilty.[1]

Defendant filed omnibus motions, including a motion to suppress the statement, which the court denied at the hearing on April 5, 2018.[2] Thereafter, trial commenced before a 12-person jury on April 22, 2019 and concluded on April 24, 2019. In an 11-1 verdict, the jury found Defendant guilty as charged. Defense counsel requested a polling of the jury.[3] Defense counsel did not object to the non-unanimous jury verdict at that time. On July 10, 2019, Defendant filed a motion for new trial, arguing that his conviction by a non-unanimous jury verdict violated the Sixth and 14th Amendments of the United States Constitution. Following a hearing on July 25, 2019, the trial court denied Defendant's motion for new trial, and the defense's objection was noted for the record.

On September 20, 2019, the trial court sentenced Defendant to 25 years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. It also recommended Defendant for participation in any and all self-

---

[1] The bill of information was amended on April 23, 2019 to correct a typographical error by changing the language from "and/or the touching of the anus **of** genitals of the offender" to "and/or the touching of the anus **or** genitals of the offender." (Emphasis added).

[2] The court denied the defense's motion to suppress the statement and found "that it was freely and voluntarily given in response to the rights of the arrestee form."

[3] The court ordered the polling slips to be placed under seal, but they are not included in the record. The April 24, 2019 transcript reflects that in an 11-1 verdict, the jury found Defendant guilty as charged.

help programs available to him through the Department of Corrections. Defendant was also advised of his sex offender registration obligations pursuant to La. R.S. 15:543.1 and was provided with a written copy of the sex offender notification requirements. At sentencing, defense counsel objected to the sentence as excessive based on constitutional grounds and informed the court that he would be filing a motion for appeal. On October 11, 2019, Defendant filed a motion for appeal, which was granted by the trial court on October 15, 2019. The instant appeal followed.

## LAW AND ANALYSIS

In his only assignment of error, Defendant alleges that the trial court erred in denying his motion for a new trial and accepting a non-unanimous jury verdict. Defendant argues that the non-unanimous verdict violated the Sixth and 14th Amendments of the United States Constitution. He notes La. C.Cr.P. art. 782(A) was amended to provide for unanimous jury verdicts for crimes committed on or after January 1, 2019, and acknowledges that his offense does not fall within the time frame of the amendments. He states that at the time the offense was committed, the non-unanimous jury provision in La. C.Cr.P. art. 782(A) and La. Const. Art. 1, § 17(A) of the Louisiana Constitution were inconsistent with the Sixth and 14th Amendments to the United States Constitution. Defendant asserts that while the Supreme Court in *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972) upheld state convictions by non-unanimous verdicts, recent jurisprudence requires a unanimous verdict. Defendant acknowledges that the Louisiana Supreme Court held in *State v. Bertrand*, 08-2215 (La. 3/17/09); 6 So.3d 738, that Article 782 did not violate the Sixth and 14th Amendments, but Defendant asserts that the *Apodaca* decision was wrong.

Further, Defendant argues that his conviction is not final and states that the amended legislation requiring a unanimous verdict applies retroactively to his case.

Specifically, he argues that the 2018 amendments to Louisiana Constitution Art. 1, § 17(A) and La. C.Cr.P. art. 782(A), requiring unanimous jury verdicts for those offenses punishable by confinement necessarily at hard labor, apply retroactively to those defendants whose convictions were not yet final as of November 6, 2018—the date Louisiana residents voted to amend the Louisiana Constitution. Defendant concedes that the amendments contain prospective language and have an effective date but maintains the 2018 amendments apply to him retroactively under *State v. Draughter*, 13-914 (La. 12/10/13); 130 So.3d 855.[4]

Based upon the following, we find that the non-unanimous jury verdict used to convict Defendant of sexual battery on a victim under the age of 13 years is unconstitutional.

In *Ramos v. Louisiana*, , --- U.S. ---, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), the United States Supreme Court found that the Sixth Amendment right to a jury trial—as incorporated against the states by the Fourteenth Amendment—requires a unanimous verdict to convict a defendant of a serious offense. It held, "Wherever we might look to determine what the term "trial by an impartial jury trial" meant at the time of the Sixth Amendment's adoption—whether it's the common law, state practices in the founding era, or opinions and treatises written soon afterward—the answer is unmistakable. A jury must reach a unanimous verdict in order to convict." *Id*. at 1395. The Supreme Court concluded, "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal trials equally…So if the Sixth Amendment's right to a

---

[4] In *Draughter*, the Louisiana Supreme Court reviewed a trial court's decision declaring La. R.S. 14:95.1 unconstitutional. The trial court's determination was based on the legislature's recent amendment to La. Const. Art. 1, § 11, providing that the right to keep and bear arms is a fundamental right. To evaluate the constitutionality of La. R.S. 14:95.1, the supreme court had to determine whether the older version of Article 1, § 11, which invoked a "reasonableness" test for evaluating restrictions on the right to bear arms applied or whether the amended version, which required "strict scrutiny" when evaluating any restrictions on the fundamental right, would apply. After determining the statute required review with strict scrutiny, it held the amendment to Article 1, § 11 had retroactive effect to cases pending on direct review or not yet final on the date that the amendment became effective. *Draughter*, 130 So.3d at 863-64.

jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." *Id.* at 1397. According to *Ramos*, Louisiana will have to retry defendants who were convicted of serious offenses by non-unanimous juries and whose cases are still pending on direct appeal.

Under Louisiana law, the penalty for a conviction of sexual battery on a victim under the age of 13 years is found in La. R.S. 14:43.1. It provides that, when an offender 17 years of age or older commits the crime of sexual battery on a victim under the age of 13 years, the offender shall be punished by imprisonment at hard labor for not less than 25 years nor more than 99 years. At least 25 years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. *See* La. R.S. 14:43.1. For purposes of the Sixth Amendment, federal law defines petty offenses as offenses subject to imprisonment of six months or less and serious offenses as offenses subject to imprisonment over six months. The Sixth Amendment's right to a jury trial only attaches to serious offenses. *See generally*, *Lewis v. United States*, 518 U.S. 322, 327-28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996); *Hill v. Louisiana*, 2013 WL 486691 (E.D. La. 2013).

In light of *Ramos* and the fact that the instant case is on direct appeal, we find that, because the verdicts were not unanimous for the serious offense before us, the conviction and sentence must be vacated. Defendant is entitled to a new trial. Because Defendant is entitled to a new trial pursuant to *Ramos*, we pretermit discussion of Defendant's argument concerning *Draughter*.[5]

### DECREE

For the foregoing reasons, we find that Defendant is entitled to a new trial. Accordingly, Defendant's conviction and sentence are vacated, and the matter is

---

[5] We note that an errors patent review was performed in this matter. We find that no corrective actions were necessary.

remanded to the trial court for further proceedings.

## **CONVICTION AND SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 22, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-20

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CORNELIUS E. REGAN (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)          BERTHA M. HILLMAN (APPELLANT)          GRANT L. WILLIS (RESPONDENT)

### MAILED
HONORABLE JEFFREY M. LANDRY
(RESPONDENT)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
DOUGLAS E. RUSHTON (APPELLEE)
MEREDITH HEARN (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053